IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAMON M. DEL CAMPO,

    Plaintiff,

v.                                                                               No. 2:20-cv-00635-MV-GBW

STATE OF NEW MEXICO, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**
**AND**
**ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's failure to timely file an amended complaint.

Plaintiff names the following as Defendants: (i) State of New Mexico; (ii) "State of NM Adult Probation, Welfare (SNAP);" and (iii) "SNAP Distribution Rebecca Hoffman, Sammie Garcia All Staff." Complaint at 1-2, Doc. 1, filed June 29, 2020. Plaintiff alleges: "ex probation officer Rebecca Hoffman stated on record that she conversed with arresting officer Sanders pretaing to the charges of assalt. The video will display no assalt non attempt of assalt never occurred." [sic] Complaint at 7. The Complaint directs the Court to another case Plaintiff has filed for additional factual allegations. *See* Complaint at 2.

The Court notified Plaintiff that it will not comb the record of this or other cases and act as an advocate for Plaintiff, granted Plaintiff leave to file an amended complaint, and informed Plaintiff that his amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Mem. Op. and Order, Doc. 9, filed July 7, 2020 (Wormuth, J.). The Court also

explained that the Court lacks subject-matter jurisdiction because the Complaint states claims pursuant to 42 U.S.C. § 1983 against the State of New Mexico, state agencies and state officials, all of which are immune from § 1983 damages suits. The Court notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. Plaintiff did not file an amended complaint by the July 21, 2020, deadline.

One of Plaintiff's motions states that the "Social Security Administration has deemed [Plaintiff] as mentally impaired." Motion Seeking Counsel at 1, Doc. 8, filed July 2, 2020. Rule 17(c)(2) of the Federal Rules of Civil Procedure states that the "court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." However, "in the context of unrepresented litigants proceeding *in forma pauperis*, this inquiry [involving a determination of whether there is verifiable evidence of incompetence] would usually occur *after* the preliminary merits screening under … 28 U.S.C. § 1915(e)(2)." *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) (emphasis added).

The Court dismisses this case without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), which states: "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." The Court granted Plaintiff, who is proceeding *in forma pauperis*, an opportunity to file an amended complaint. *See* Doc. 9 at 5, filed July 7, 2020 (granting Plaintiff's motion to proceed *in forma pauperis*). Plaintiff did not file an amended complaint. Because it is dismissing this case pursuant to § 1915(e)(2) for failure to state a claim, the Court need not "inquir[e] as to whether there [is] a viable basis to invoke Rule 17." *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012).

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Litigant's Abusive History**

*Pro se* Plaintiff filed six cases in this Court on June 29, 2020. *See del Campo v. New Mexico*, No. 2:20-cv-00635-MV-GBW; *del Campo v. Dona Ana Cty. Detention Ctr.*, No. 2:20-cv-00636-SMV; *del Campo v. Galleger*, No. 2:20-00637-KWR-GBW; *del Campo v. Community of Hope*, No. 2:20-cv-639-RB-CG; *del Campo v. Gospel Rescue Mission*, No. 2:20-cv-00640-JAP-GJF; *del Campo v. United States Department of Justice*, No. 2:20-cvg-00641-KRS. This is the fourth case dismissed for failure to timely file an amended complaint that states a claim. In less than two months after filing the Complaints, Plaintiff has filed over 90 motions, several of which he filed after the case was dismissed, and all of which the Court carefully reviewed. The Court

3

finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases.

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to return without filing any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to return without filing any initial pleading that he submits, unless a licensed attorney who is admitted to practice before this Court signs the pleading.

**Opportunity to Be Heard**

The Court grants Plaintiff an opportunity to show cause why the Court should not enter the proposed filing restrictions.

      **IT IS ORDERED** that:

(i)     This case is **DISMISSED without prejudice.**

(ii)    Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any

   matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

(iii) The following motions are **DENIED as moot** because the Court has dismissed this case:

  (a) Motion Seeking Waiver of Filing Fee, Doc. 6, filed July 2, 2020.

  (b) Motion Seeking Subpoenas, Doc. 7, filed July 2, 2020.

  (c) Motion Seeking Counsel, Doc. 8, filed July 2, 2020.

  (d) Motion Seeking Two Motions to Revoke Probation, Doc. 10, filed July 9, 2020.

  (e) Motion Seeking In Camera Review, Doc. 11, filed July 10, 2020.

  (f) Motion Seeking Subpoenas, Doc. 12, filed July 16, 2020.

  (g) Motion Seeking Temporary Injunction of the Proceedings, Doc. 13, filed July 20, 2020

  (h) Motion for Order, Doc. 14, filed July 27, 2020.

  (i) Motion to Amend the Motion Seeking Recusal, Doc. 17, filed July 30, 2020.

  (j) Motion Seeking Affidavit, Doc. 18, filed August 3, 2020.

  (k) Motion to Submit, Doc. 19, filed August 7, 2020.

  (l) Motion Seeking Subpoenas, Doc. 20, filed August 10, 2020.

  (m) Motion for Response, Doc. 21, filed August 11, 2020.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**